Ellen C. GARRETT, Plaintiff,

v.

The SECRETARY OF HEALTH, EDU-
CATION AND WELFARE,
Defendant.

Civ. A. No. 73-C-75-L.

United States District Court,
W. D. Virginia,
Lynchburg Division.

April 21, 1975.

———◆———

Cecil W. Taylor, Lynchburg, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

DALTON, District Judge.

This is an action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C.A. 405(g) to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for old-age insurance benefits on her own account. The claimant filed her application for old-age insurance benefits and was subsequently notified by the Bureau of Disability Insurance, Social Security Administration, that her application had been denied. She requested reconsideration of this denial and was later notified that the original denial had been affirmed. Thereafter, the claimant filed a request for a hearing. The hearing was held on April 25, 1973, in Lynchburg, Virginia before an administrative law judge, who held that the plaintiff was not entitled to retirement insurance benefits because she had earned only 16 out of the 20 quarters necessary for her to be fully insured under the Social Security Act. This became the final decision of the Secretary of Health, Education, and Welfare when the Appeals Council denied review.

Plaintiff seeks to establish enough quarters of coverage to become a fully insured individual and thereby become eligible for old-age insurance benefits on her own account. Plaintiff has 16 quarters of coverage credited to her social security earnings record. Since she was born January 19, 1909, she needs 20 quarters of coverage, 42 U.S.C.A. § 414. Plaintiff asserts two claims of self-employment to qualify for the additional four (4) quarters of coverage.

First, she asserts that she meets the fully insured status by earnings received as a self-employed farm operator in 1968. Second, she further asserts that she had earnings from a farm partnership with her husband in 1969.

Plaintiff claims that she had an arrangement with two persons in 1968 to operate her farm. She shared in the expenses of the operation and divided the profit realized therefrom. Plaintiff filed a 1968 tax return claiming $423 as

farm income and paid self-employment taxes on this income. However, this return was not filed until March 1971. Later, in November 1971, plaintiff repudiated her 1968 tax return and requested a refund of her tax payment. Plaintiff's husband admitted that the return was filed in an attempt to give her the necessary additional coverage. He further stated that he made all the farm operation decisions. The Secretary held that plaintiff was not a self-employed farm operator in 1968.

Plaintiff claims a partnership arrangement with her husband for 1969. Plaintiff and her husband testified that they had a partnership arrangement, sharing in the work and expenses of the farm operation and dividing the net profit. However, the evidence shows no written partnership agreement, no notification to creditors of the existence of a partnership, no bank account in the name of the partnership, and no public manifestation whatsoever of a partnership. The only evidence to support plaintiff's claim to a partnership was the testimony given by her and her husband that such an arrangement existed plus a 1969 tax return filed in January, 1972 claiming earnings of $538. Here, again, the tax refunded was not timely. The total evidence before the Secretary regarding the existence of a partnership was conflicting. The Secretary held that no partnership existed and plaintiff did not have additional quarters of coverage therefrom. This court is required to accept the Secretary's findings if supported by substantial evidence that there may have been substantial evidence to support inconsistent findings has no bearing upon this court's inquiry. *Snyder v. Ribicoff*, 307 F.2d 518 (4 Cir. 1962); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971).

This court holds that substantial evidence exists to support the Secretary's findings denying both claims of self-employment income. It, therefore, affirms the decision of the Secretary and grants summary judgment for the defendant.